```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

J&J SPORTS PRODUCTIONS, INC.,   )
                                )
            Plaintiff,          )
                                )
    v.                          )    No.  07 C 5623
                                )
STEPHANIE MEDINA, etc., et al., )
                                )
            Defendants.         )

### MEMORANDUM ORDER

This action, which charges the pirating of a televised championship fight, has had a checkered history. Based on the failure to respond on the part of one of the defendants, counsel for plaintiff J&J Sports Productions, Inc. ("J&J") obtained a default order (not a default judgment) against that defendant on March 1, 2008. That default was then vacated on the motion of defense counsel, and defendants were granted leave to respond to the J&J Complaint.

On March 27 defense counsel filed what purports to be an Answer but is totally unacceptable for that purpose. Any lawyer who has bothered to read Fed. R. Civ. P. ("Rule") 8(b)--certainly something to be expected of anyone who opts to practice in the federal courts--has to know that it is impermissible to say simply that his or her clients "neither admit nor deny the plaintiff's allegations," yet that wholly uninformative locution finds frequent repetition here (Answer ¶¶5, 6, 10-14 and 19). Moreover, each of those same paragraphs goes on to "demand strict

thereof," a notion that has no place in federal practice (see App. ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001)). Indeed, defense counsel seems so fond of that meaningless "strict proof" demand that it is also attached to every outright denial of J&J's allegations (Answer ¶¶3, 15-17, 20-22 and 24-26).

To obviate the need for opposing counsel and this Court to jump back and forth between two pleadings to see just what is and what is not in dispute (which would be the result of calling for an amendment to the Answer), this Court strikes the Answer in toto and grants defense counsel leave to file a self-contained Amended Answer on or before April 14, 2008. No charge is to be made to defendants by counsel for the added work and expense incurred in correcting counsel's pleading errors. Defense counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Date: March 31, 2008